**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30243 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00169-WFN-1 |
| v. | |
| BRET ALLEN RIGGIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Submitted June 5, 2013[**]
Seattle, Washington

Before: ALARCÓN, McKEOWN, and IKUTA, Circuit Judges.

Bret Riggin pled guilty to theft of firearms from his employer, Sharp

Shooting Indoor Range and Gun Shop ("Sharp Shooting"), in violation of 18

U.S.C. §§ 922(u) and 924(i)(1) & (2). He stipulated in the plea agreement that

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

restitution would be paid to all victims of his crime, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664. At the sentencing hearing, the district court ordered Riggin to pay $35,458.53 to eight victims, including $28,558.24 to Sharp Shooting. Riggin appeals from the restitution order on the ground that the district court failed to determine that an internal eight-week audit Sharp Shooting conducted on its accounts, at a cost of $19,118.21, was proximately caused by his conduct. We affirm.

Under the Mandatory Victims Restitution Act of 1996, Pub. L. No. 104-132, §§ 201-211, 110 Stat. 1227, ("MVRA"), a court must order a defendant to make restitution to victims of certain specified offenses without considering the defendant's economic circumstances. 18 U.S.C. §§ 3663A(a)(1), 3664(f)(1)(A). "Nothing in the MVRA or our case law requires that the district court consider certain factors or make findings of fact on the record." *United States v. Peterson*, 538 F.3d 1064, 1077 (9th Cir. 2008) (citing 18 U.S.C. § 3663A). The government bears the burden of demonstrating the amount of the loss sustained by a victim as a result of the offense, and the amount must be proved by a preponderance of the evidence. 18 U.S.C. § 3664(e) (2000).

The government met its burden in this case. The government submitted to the district court evidence sufficient to establish a causal chain between Riggin's firearms thefts and concomitant false log entries into Sharp Shooting's inventory tracking system, and the need for Sharp Shooting to conduct a comprehensive

2

internal audit to determine the extent of the company's losses. Special Agent Christopher Smith of the Bureau of Alcohol, Tobacco, and Firearms testified that Riggin's false log entries made the theft of the firearms "much more serious, because . . . there was a question about the integrity of [Sharp Shooting's] books and . . . records . . . and at that point, it was incumbent on [the company] to go through all of [its] records to make sure that . . . the integrity of the records was there and that everything was correct." Dkt. No. 70 at 13-14.

The district court ordered Riggin to pay a total of $28,558.24 to Sharp Shooting, including $21,381.11 for employee time dedicated to conducting the comprehensive internal, eight-week audit to determine the extent of the company's losses and confirm that no additional inventory was missing. The court concluded that Sharp Shooting's "requests [were] pretty well documented," and "that the request of that $28,000 figure has been developed through testimony. It appears to be accurate." Dkt. No. 70 at 101–02. As the district court noted, Riggin failed to impeach S.A. Smith's testimony regarding the need for Sharp Shooting to undertake the internal eight-week audit.

Therefore, the government proved by a preponderance of the evidence that the amount of the loss incurred by Sharp Shooting to conduct the internal audit was proximately caused by Riggin's conduct. *Peterson*, 538 F.3d at 1077–78; *United States v. Gordon*, 393 F.3d 1044, 1057 (9th Cir. 2004); *see also United States v. Scott*, 405 F.3d 615, 618 (7th Cir. 2005).

3

**AFFIRMED.**